Ryan C. Gill
Bar #7-6142
Lewis Brisbois Bisgaard & Smith LLP
90 South 7th Street, Suite 2800
Minneapolis, MN 55402
Phone: (612) 428-5000
Email: ryan.gill@lewisbrisbois.com

John A. Masterson, #5-2386
Hampton K. O'Neill, #5-2876
Welborn Sullivan Meck & Tooley, P.C.
159 North Wolcott, Ste. 220
Casper, WY 82601
Phone: (307) 234-6907
Email: jmasterson@wsmtlaw.com
Email: honeill@wsmtlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY<br><br>    Plaintiff,<br><br>vs.<br><br>RXM XPRESS, LLC., a Wyoming limited liability company;<br><br>    Defendant, | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY RELIEF

Great West Casualty Company ("Great West") by and through its counsel, Lewis Brisbois, Bisgaard & Smith LLP and Welborn Sullivan Meck & Tooley, P.C., pursuant to 28 U.S.C. § 2201 and for its complaint for declaratory judgment against Defendant RXM XPRESS, LLC ("RXM"), states and alleges the following:

4877-9196-0320.1

## PARTIES

1. Great West is a corporation, incorporated under the laws of Nebraska, with its principal place of business in South Sioux City, Nebraska.

2. RXM is a Wyoming limited liability company, with its principal place of business in Sheridan, Wyoming.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 2201 and 28 U.S.C. § 1332(a)(1). This complaint requests declaratory judgment. There is complete diversity of citizenship between the Great West and RXM. The amount in controversy exceeds $75,000, exclusive of costs, attorney's fees, and interest.

4. Venue is proper in the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1391(b), because Defendant RXM is a resident of Wyoming and a substantial part of the events or omissions giving rise to the claim occurred in Wyoming.

## NATURE OF THE DISPUTE

5. Great West commences this action for the purpose of resolving an insurance coverage dispute arising from a motor vehicle collision which occurred in Louisiana on August 17, 2021.

6. This action requests a declaration that the contract of insurance between Great West and RXM is void *ab initio* due to misrepresentations by RXM in its application for the policy.

7. Great West entered into a contract of insurance with RXM, Policy No. MCP62596A, effective from September 7, 2020 to September 7, 2021 (the "Policy"). A certified copy of the Policy is attached hereto as Exhibit A.

*A.    Provisions of the Policy.*

8. The Policy contains the following pertinent provisions:

## SECTION II − COVERED AUTOS LIABILITY COVERAGE

### A. COVERAGE

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\*\*\*

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.

\*\*\*

## SECTION V − MOTOR CARRIER CONDITIONS

The following Conditions apply in addition to the Common Policy Conditions.

\*\*\*

### B. GENERAL CONDITIONS

\*\*\*

### 2. CONCEALMENT, MISREPRESENTATION OR FRAUD

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceals or misrepresents a material fact concerning:

 a. This Coverage Form;
 b. The covered "auto";
 c. Your interest in the covered "auto"; or
 d. A claim under this Coverage Form.

[Exhibit A, Form CA 16 49 05 20]

9. The Policy contains the following pertinent endorsement:

### ENDORSEMENT FOR MOTOR CARRIER POLICIES OF INSURANCE FOR PUBLIC LIABILITY UNDER SECTIONS 29 AND 30 OF THE MOTOR CARRIER ACT OF 1980

\*\*\*

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the "insured" for "public liability" resulting from negligence in the operation, maintenance or use of "motor vehicles" subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each "motor vehicle" is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the "insured" or elsewhere. Such insurance as is afforded for "public liability", does not apply to injury to or death of the "insured's" "employees" while engaged in the course of their employment, or property transported by the "insured", designated as cargo.

***

> It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the "insured".

***

> The "insured" agrees to reimburse the company for any payment made by the company on account of any "accident", claim, or "suit" involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

[*Id.*, form no. MCS-90].

### B. *RXM's misrepresentations in its application.*

10. In RXM's application for its policy with Great West, for the policy period from September 7, 2020 to September 7, 2021, attached hereto as Exhibit B, in the section entitled "Schedule of Hazards," RXM represented its "Truck Terminal Operations" were located at 30 N. Gould Street, Sheridan Wyoming, 82801-6317.

11. RXM also lists this address as its business address throughout its Application.

12. Moreover, the Application identifies the metropolitan areas into which RXM picks-up or delivers as "Sheridan, WY."

13. The signature block on page six of the application includes the following language in boldface just above the signature line:

> I hereby certify that to the best of my knowledge, the above statements and answers are true and complete and are made as the basis and condition of the insurance applied for in this Application. **Any person who knowingly or intentionally presents, files or provides false, misleading, deceptive or otherwise materially inaccurate information to an insurer in submitting an application and/or claim may be found guilty of insurance fraud.**

14. The form was signed on August 21, 2020 by Randy Prieto on behalf of RXM.

15. On August 18, 2021, RXM reported a claim to Great West arising from a motor vehicle collision which occurred on August 17, 2021, in Louisiana, near the town of Rayville, and, upon information and belief, involving a driver employed by RXM (the "Accident").

16. In investigating this claim, Great West discovered RXM's truck terminal operations and other business operations were not located at 30 N. Gould Street, Sheridan Wyoming, 82801-6317.

17. RXM misrepresented the location of its truck terminal operations and other business operations in its application. Specifically, upon information and belief, RXM does not, and has never, conducted any truck terminal operations or any other operations at 30 N. Gould Street, Sheridan Wyoming, 82801-6317.

18. Upon information and belief, RXM falsely and knowingly misrepresented its truck terminal operations and business operations were located in Wyoming, and concealed the true location of its operations, in order to obtain a lower premium rate.

19. Great West sent a notice of cancellation to RXM on August 19, 2021, which became effective September 2, 2021. The Notice of Cancellation provides the reason for cancellation is: "MISREPRESENTATION OF BUSINESS ADDRESS IN APPLICATION."

20. Great West would not have issued the Policy, or would not have issued the Policy on the same terms, in the absence of RXM's misrepresentation of the location of its truck terminal operations and other business operations.

21. Great West relied on RXM's misrepresentations in calculating the premium amount and in issuing the Policy.

22. Great West was justified in relying upon RXM's representations of its business operations in RXM's application.

## DECLARATION SOUGHT

23. In order to resolve this controversy, Great West requests that, pursuant to 28 U.S.C. § 2201, this court declare the respective rights and duties of the parties under the Policy and, in particular, that the court declare the following: (1) the Policy is void *ab initio* due to RXM's misrepresentations in its application for the Policy; and (2) pursuant to the Motor Carrier Act and Policy Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980 Endorsement (the "MCS-90 Endorsement"), RXM must reimburse Great West for any amounts paid to third-parties injured in the Accident.

24. In seeking a declaration that the Policy is void *ab initio*, Great West is not seeking to avoid any liability to third parties, excepting RXM and its employees/insureds, as a result of the Accident.

25. Under the MCS-90 Endorsement Great West agreed to pay, within the limits of liability described in the Endorsement, any final judgment recovered against RXM for "public liability" resulting from negligence in the operation, maintenance or use of "motor vehicles" subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 (the "Motor Carrier Act") regardless of whether or not the motor vehicle was specifically

6

described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.

26. Under the MCS-90 Endorsement, RXM and Great West agreed that no condition, in the Policy, or violation thereof, shall relieve Great West from liability or from payment of any final judgment, within the limits of liability described in the Endorsement. Great West will comply with the terms of the MCS-90 Endorsement.

27. Also under the Endorsement, RXM expressly agreed to reimburse Great West for any payment made by Great West on account of any accident, claim, or suit involving a breach of the terms of the Policy, and for any payment that Great West would not have been obligated to make under the provisions of the Policy except for the agreement contained in the Endorsement.

28. Under the Endorsement, the limit of liability for For-Hire carriage transporting nonhazardous property is $750,000.

29. As the Policy is void *ab initio* due to RXM's misrepresentations in its application, Great West would not be obligated to make any payment to third-parties injured in the Accident, except for the agreement contained in the MCS-90 Endorsement. Therefore, the limit of liability for which Great West may be liable for any final judgment recovered against RXM for public liability is $750,000 and RXM must reimburse Great West for the amount paid by Great West.

30. By its own terms, the MCS-90 Endorsement does not apply to injury to or death of the "insured's" "employees" while engaged in the course of their employment.

31. Any third-parties injured in the Accident are not necessary parties to this declaratory action because the absence of those third parties from this litigation will not prevent complete relief from being afforded to them in a subsequent action, particularly considering Great West's obligations under the Motor Carrier Act and Endorsement MCS-90, discussed herein.

Likewise, disposition in those third-parties' absence will not in any way impair or impede their ability to protect any claim they may have against RXM. Requiring injured third-parties to be joined in this declaratory action would work an injustice by requiring them to defend or respond to claims against other parties and causing them to incur unnecessary attorneys' fees, expenses and costs of litigation. Thus, any third-parties injured in the Accident are not necessary parties to this declaratory action.

## PROPRIETY OF DECLARATION

32. A valid case or controversy exists sufficient for this court to declare the rights and remedies of the parties in that Great West will suffer injury by being required to provide coverage to RXM for the Accident without reimbursement as required by the Motor Carrier Act and the MCS-90 Endorsement in view of RXM's misrepresentations.

33. This controversy is ripe for determination at this time because RXM has already filed with Great West a claim for coverage of liability arising from the Accident.

## FIRST CAUSE OF ACTION
**Declaratory Judgment that the Policy is void *ab initio* based on RXM's material misrepresentations.**

34. Paragraphs 1-32 above are here incorporated.

35. In this count, Great West sets forth a claim that the Policy is void *ab initio* due to RXM's misrepresentations in its application that its truck terminal operations and other business operations were located in Sheridan, Wyoming.

36. Upon information and belief, RXM does not, and has never, conducted any truck terminal operations or any other operations at 30 N. Gould Street, Sheridan Wyoming, 82801-6317.

37. RXM misrepresented a material fact as to the location of its truck terminal operations, as its premium rate was calculated by Great West based on RXM's truck terminal operations or any other operations being located at 30 N. Gould Street, Sheridan Wyoming, 82801-6317.

38. Additionally, upon information and belief, RXM intentionally concealed the true location of its truck terminal operations and other business operations.

39. Accordingly, the Policy is void *ab initio* based on RXM's material misrepresentations in its application for coverage.

40. As the Policy is void *ab initio* due to RXM's misrepresentations in its application, the only obligations owed by Great West to the injured third-parties in the Accident are those required by the Motor Carrier Act and the MCS-90 Endorsement, with limits of liability of $750,000.

## SECOND CAUSE OF ACTION
**Declaratory Judgment that RXM is obligated to reimburse Great West for any amounts paid by Great West to third-parties injured in the Accident**

41. Paragraphs 1-40 above are here incorporated.

42. In this count, Great West requests an order requiring RXM to reimburse Great West for any amounts paid under the Motor Carrier Act and the MCS-90 Endorsement to third-parties injured in the Accident

43. Under the Endorsement, RXM agreed to reimburse Great West for any payment made by Great West on account of any "accident", claim, or "suit" involving a breach of the terms of the Policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in the Endorsement.

9

44. As the Policy is void *ab initio* due to RXM's misrepresentations in its application, Great West would not have been obligated to make any payment to third-parties injured in the Accident under the provisions of the Policy except for the agreement contained in the MCS-90 Endorsement.

45. Accordingly, RXM must reimburse Great West for the amount paid by Great West to third-parties injured in the Accident.

## REQUEST FOR RELIEF

For the foregoing reasons, Defendant Great West respectfully seeks the following relief:

A. This Court render a declaratory judgment declaring that the Policy is void *ab initio* based on RXM's false misrepresentations regarding the location of its truck terminal operations and other business operations in its application.

B. This Court render a declaratory judgment declaring that RXM must reimburse Great West for any amount paid to third-parties injured in the Accident.

Dated: October 27, 2021                /s/ Ryan C. Gill
                                       Ryan C. Gill
                                       Lewis Brisbois Bisgaard & Smith LLP
                                       90 South 7th Street, Suite 2800
                                       Minneapolis, MN 55402
                                       Phone: (612) 428-5000
                                       Email: ryan.gill@lewisbrisbois.com

                                       John A. Masterson, #5-2386
                                       Hampton K. O'Neill, #5-2876
                                       Welborn Sullivan Meck & Tooley, P.C.
                                       159 North Wolcott, Ste. 220
                                       Casper, WY 82601
                                       Phone: (307) 234-6907
                                       Email: jmasterson@wsmtlaw.com
                                       Email: honeill@wsmtlaw.com

                                       *Attorneys for Plaintiff Great West Casualty Company*